In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00242-CV**
_____

**IN RE SEREIVANDY KIM**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 26-01-00054**

**MEMORANDUM OPINION**

Relator Sereivandy Kim filed a petition for a writ of mandamus and a motion for temporary relief.[1] We deny the mandamus and the request for temporary relief.

Kim claims the Real Parties in Interest, Malyda Kong and Conroe Top Food LLC, failed to timely deny case-dispositive requests for admissions.[2] The trial court

_____

[1]Upon receiving the petition on June 19, 2026, we issued a letter notifying Relator that his petition was defective and instructed him to refile the petition by June 29, 2026. On June 24, 2026, Relator filed a petition in which he asked the Supreme Court of Texas to compel us to act immediately. *See In re Kim*, No. 26-0662 (available at http:// search.txcourts.gov/Case.aspx?cn=26-0662&coa=cossup). We conclude Relator has elected to have this Court proceed without waiting for him to file a redrafted petition and appendix.

[2]It is not clear whether Kim is arguing the Real Parties failed to respond to the request for admissions, gave a partial response, or responded in a manner that

1

granted Kong's and Conroe Top Food's motion to dismiss under Rule 91a on April 13, 2026, a date Kim asserts occurred after the date matters not explicitly denied were deemed admitted. *See* Tex. R. Civ. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order.").

Kim contends the trial court abused its discretion when it signed an order dated May 26, 2026, that denied his motion for summary judgment on deemed admissions and granted the opposing parties' request for leave to withdraw deemed admissions.

"A trial court has broad discretion to permit or deny the withdrawal of deemed admissions." *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). Relator contends the trial court abused its discretion by failing to make required findings in the written order. *See* Tex. R. Civ. P. 198.3 ("The court may permit the party to withdraw or amend the admission if: (a) the party shows good cause for the withdrawal or amendment; and (b) the court finds that the parties relying on the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission."). Relator cites no case that holds the trial court must include the

---

provided supporting grounds for Kim's motion for summary judgment. Kim lists Defendants' Request for Admission Responses (filed April 3, 2026) in his index but failed to include the document in his appendix. He also omitted the parties' pleadings, Kim's motion relating to the admissions, and Kong's and Conroe Top Foods's response to Kim's motion.

findings in its written order, nor does he distinguish contrary authority. *See In re Cruz*, No. 04-25-00327-CV, 2026 WL 293353, at *2 (Tex. App.—San Antonio Feb. 4, 2026, orig. proceeding) (mem. op.) ("Rule 198.3 does not require the trial court to reduce its findings to writing.").

Kim argues the timing of the trial court's actions, considered in the context of Kim's attempt to appeal from the Rule 91a Order, "demonstrates a direct correlation between this Court's active oversight and the trial court's sudden adjustments[.]" Nothing in the record Kim provided supports an inference that the trial court altered its substantive ruling based on the immediacy of appellate scrutiny.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). On this record, Kim has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus and any request for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on July 22, 2026
Opinion Delivered July 23, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

3